## SOLOMON SCHEU, RESPONDENT, v. ERIE RAILWAY COMPANY APPELLANT.

*Common carrier — delivery of goods to wrong person — liability for — distinction between liability of common carrier and warehouseman.*

APPEAL from a judgment entered on the decision of a single judge of the Superior Court of Buffalo, and transferred to this court by order, pursuant to Laws of 1873. (Ch. 239, § 7.)

The action is brought to recover damages for the alleged wrongful delivery of a quantity of malt belonging to the plaintiff, which the defendant, as a common carrier, received at Lancaster, Erie county, and undertook to transport and deliver to the plaintiff's consignees, at Newark, New Jersey. The court found that the malt was consigned to the firm of C. Weidenmeyer & Sons, Newark, New Jersey, and that the defendant failed to deliver it to that firm, but wrongfully and negligently delivered it to the firm of C. Weidermyer's Sons, at Newark, and that the latter firm was not the con-

signee or owner of the malt or entitled to receive it; that the latter firm was insolvent, and the plaintiff has not received pay for the malt, but, by reason of such wrongful delivery, has lost the same. The court ordered judgment for the plaintiff for the value of the malt.

The court at General Term said: "Upon the facts found, the judgment is clearly right. If a common carrier deliver goods to a wrong person, although by his own innocent mistake, or by his being imposed upon, he is liable to the true owner for the value. Such wrongful delivery is treated in the common law as a conversion of the property. (Story on Bailments, § 545, *b*; *McEntee* v. *New Jersey Steamboat Co.*, 45 N. Y., 34.) The carrier delivers at his peril. He is responsible as an insurer. His liability differs from that of a warehouseman, who is held only to the exercise of proper diligence and care in the preservation of the property and its delivery to the true owner. (*Price* v. *Oswego and Syracuse R. R. Co.*, 50 N. Y., 213, per GROVER, J., p. 217.) When goods are safely conveyed to the place of destination, and the consignee is dead, absent, or refuses to receive, or is not known, and cannot, after reasonable diligence, be found, the carrier may be discharged from further responsibility as carrier, by placing them in a proper warehouse for, and on account of the owner (*Fisk* v. *Newton*, 1 Den., 45); but until discharged in that manner, his responsibility as carrier continues. (*Price* v. *R. R. Co., supra.*)

*Sprague, Gorham & Bacon*, for the appellant. *Humphrey & Lockwood*, for the respondent.

Opinion by SMITH, J.; MULLIN, P. J., and TALCOTT, J., concurred.

Order affirmed, with costs.